**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANNIVERSARY MINING CLAIMS, LLC, | Case No.: 2:20-cv-01361-APG-EJY |
| Plaintiff | **Order (1) Granting Motion to Dismiss and (2) Denying Request for Transfer** |
| v. | [ECF No. 7] |
| UNITED STATES OF AMERICA, et al., | |
| Defendants | |

Anniversary Mining Claims, LLC (Anniversary Mining) alleges that the United States, the U.S. Department of Interior, National Park Service, and Lake Mead National Recreation Area have been recommending or granting permission to the public to access Anniversary Mining's property to reach hiking trails known as Anniversary Narrows. ECF No. 1 at 3. Anniversary Mining brings claims for trespass and violation of the Takings Clause under the Fifth Amendment. *Id.* at 5-6. It seeks $15,000 in "just compensation" as well as declaratory and injunctive relief. *Id.* at 3-5, 7.[1]

The defendants move to dismiss for lack of subject matter jurisdiction because sovereign immunity bars the claims. Anniversary Mining contends there is jurisdiction for its trespass claim under the Federal Tort Claims Act (FTCA). It further requests I transfer the takings claim to the United States Court of Federal Claims.

I dismiss the complaint without prejudice because Anniversary Mining has not met its burden of showing subject matter jurisdiction exists in this court. I deny without prejudice the

---

[1] The complaint alleges the injunctive and declaratory relief as separate counts, but those are prayers for relief, not their own causes of action. ECF No. 1 at 3-5.

request to transfer the takings claim to the Court of Federal Claims because it is not clear that transfer would be in the interest of justice.

## I.     SUBJECT MATTER JURISDICTION

Subject matter jurisdiction defines a court's power to hear a claim. *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 333 (9th Cir. 2015). Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1) is appropriate when the complaint fails to establish subject matter jurisdiction. *In re Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). Once a defendant raises the issue of subject matter jurisdiction, the plaintiff has the burden of proving its existence. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citing *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

Congress has granted district courts jurisdiction over actions arising under the Constitution, federal laws, and treaties. 28 U.S.C. § 1331. But that jurisdiction is constrained because "sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Without the federal government's consent, sovereign immunity prevents courts from exercising subject matter jurisdiction over claims against it. *Consejo de Desarollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

Because all the claims here are against the federal government and its entities, sovereign immunity will bar the claims unless Anniversary Mining can establish that a waiver applies.

### A. Takings Claim

The defendants argue that the takings claim should be dismissed because the Court of Federal Claims has exclusive jurisdiction over claims seeking damages in excess of $10,000 and

no other basis for jurisdiction is available.  Anniversary Mining does not appear to dispute this

and instead asks me to transfer the case to the Court of Federal Claims.

The federal government has partially waived its sovereign immunity through the Tucker

Act and Little Tucker Act.  The Tucker Act grants the Court of Federal Claims jurisdiction to

handle claims against the federal government based on the Constitution, congressional acts,

executive department regulations, or contracts with the United States that do not sound in tort. 28

U.S.C. § 1491(a)(1).  The Little Tucker Act provides all district courts with concurrent

jurisdiction for the same kinds of claims but limits the claim amount to $10,000. 28 U.S.C.

§ 1346(a)(2).  The statutes allow district courts to award damages but do not allow for injunctive

or declaratory relief. *Doe v. United States*, 372 F.3d 1308, 1313 (Fed. Cir. 2004) (citing *Lee v.*

*Thornton*, 420 U.S. 139, 140 (1975);*United States v. Sherwood*, 312 U.S. 584, 590–91(1941))

Anniversary Mining's takings claim seeks over $10,000. ECF No. 1 at 5.  The Tucker

Act and the Little Tucker Act bar this court from exercising jurisdiction over this claim.  Because

Anniversary Mining has not identified any other sovereign immunity waiver that would apply,[2] it

has not met its burden of establishing subject matter jurisdiction in this court for this claim.  I

therefore grant the motion to dismiss the takings claim and accompanying injunctive relief.

**B.  Trespass Claim**

The defendants argue in their motion that the state law trespass claim should be dismissed

because there is no viable federal claim to support supplemental jurisdiction.  Anniversary

Mining responds that its trespass claim is brought under the FTCA so federal question

jurisdiction exists under 28 U.S.C. § 1331.  The defendants reply that Anniversary Mining

---

[2] A takings claim cannot be brought under the FTCA because, although it may be characterized as a constitutional tort, it is "not actionable . . . because any liability would arise under federal rather than state law." *Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011).

cannot bring its claim under the FTCA because it has not alleged that it exhausted its administrative remedies.

The FTCA waives the federal government's sovereign immunity for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Government liability is determined by the law of the state where the act or omission has occurred. *Liebsack v. United States*, 731 F.3d 850, 856 (9th Cir. 2013). If a claim falls under the FTCA, then the "complaint present[s] a federal question giving rise to federal subject-matter jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1162 (9th Cir. 2005).

Before a plaintiff can bring an FTCA claim, it must present that claim to the appropriate federal agency. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). I "may dismiss a complaint for failure to allege this jurisdictional prerequisite." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980). The FTCA does not waive sovereign immunity for injunctive relief. *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974).

Anniversary Mining did not allege whether it exhausted its administrative remedies.[3] As this is a jurisdictional prerequisite for an FTCA claim, Anniversary Mining has failed to establish that this court has jurisdiction over the trespass claim based on the FTCA. Anniversary Mining has not provided any other viable basis for jurisdiction for the trespass claim. I therefore grant the defendants' motion to dismiss the trespass claim and the accompanying injunctive relief.

---

[3] Anniversary Mining also did not allege that it was basing its jurisdiction for the trespass claim under the FTCA. Although it should have done so, "its failure to do so in this case amounted to no more than inartful pleading, an error that 'does not in itself constitute an actual defect of federal jurisdiction.'" *Nationwide Mut. Ins. Co.*, 408 F.3d at 1162 (quoting *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 n.3 (2d Cir. 2000)).

4

**C. Declaratory Judgment Act Claim**

Anniversary Mining's complaint alleges the court has jurisdiction under the Declaratory Judgment Act. But the Declaratory Judgment Act extends remedies, not jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). The statute "does not by itself confer subject matter jurisdiction." *Liberatore*, 408 F.3d 1158 at 1161.

As discussed above, Anniversary Mining has not established that the court has jurisdiction over its takings and trespass claims. Because the substantive claims do not have a jurisdictional basis, neither does the declaratory relief that Anniversary Mining seeks. I therefore dismiss the declaratory relief claim without prejudice.

**D. Request to Transfer to Court of Federal Claims**

Anniversary Mining requests that I transfer the case to the Court of Federal Claims if I find that this court lacks jurisdiction over the takings claim. ECF No. 10 at 3. It offers no argument why a transfer is proper beyond quoting the statute. The defendants contend that Anniversary Mining has failed to establish that transfer is in the interest of justice. They argue I should deny the request because Anniversary Mining is represented by sophisticated counsel who knew or should have known the proper forum to file in and that Anniversary Mining has not identified any harm or prejudice if it had to refile in the Court of Federal Claims.

A district court "shall" transfer a case if (1) there is a want of jurisdiction, (2) the case could have been brought in the transferee court at the time the case was noticed or filed, (3) and a transfer is in the interest of justice. 28 U.S.C. § 1631; *Trejo-Mejia v. Holder*, 593 F.3d 913, 915 (9th Cir. 2010). In determining whether a transfer is in the interest of justice, courts consider whether the original action was filed in good faith or if it would otherwise be time barred. *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009). They also consider whether it was clear at the time

of filing that the court lacked jurisdiction. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996).

The defendants admit that elements one and two are met for the takings claim, and I agree. ECF No. 11 at 10. But Anniversary Mining does not support its request with reasons why a transfer is in the interest of justice. It does not appear that Anniversary Mining would be prejudiced if I dismiss this case and allow it to refile the takings claim in the proper court. I therefore deny Anniversary Mining's request to transfer the takings claim to the Court of Federal Claims.

## II.     CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 7) is GRANTED**. The complaint is dismissed without prejudice to plaintiff Anniversary Mining Claims, LLC's ability to refile its claims in a court with proper jurisdiction.

DATED this 28th day of May, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE